## MEEKS *v.* BLACK.

Opinion delivered July 8, 1907.

EXECUTION SALE—LAND OF NONRESIDENT.—Where the land of a nonresident was attacked, and judgment for the debt obtained upon constructive service, a sale under execution in the form of executions on personal judgments, without showing the attachment of the land, was without authority and void.

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; affirmed.

*Rice & Dickson,* for appellant.

1. That an execution was issued instead of an order of sale can not be taken advantage of in a collateral proceeding.

2. The requirement that a bond be given is for the benefit of the defendant in the attachment suit. Third parties can not avail themselves of the failure to execute the bond and set aside the sale in a collateral proceeding.

3. The defense that the land was not subject to sale under attachment or execution was a good defense in the original action which should have been pleaded. It is not subject to collateral attack on that ground. 58 Ark. 187; 76 Ark. 423; 4 Am. & Eng. Enc. Law, 782, notes.

*McGill & Lindsey,* for appellee.

1. The sale was void for failure to execute bond. 40 Ark. 124; 46 Ark. 153; 47 Ark. 131; Waples on Att. 464.

2. It was void because under the Homestead Law the justice of the peace had no jurisdiction. U. S. Rev. Stat. § 2296; 3 Dill. 437; 135 U. S. 483. Such a judgment is not a lien on the land. 43 Ark. 451; 47 Ark. 351; 54 Ark. 148. There is no requirement that this defense be pleaded in the attachment suit—the Act of Congress imposes no duty to *claim* such exemption. 69 Ark. 1; 1 Freeman on Ex. § 215; 40 Ark. 352.

BATTLE, J. On the 22d day of June, 1898, Lewis D. Butler entered as a homestead a certain tract of vacant land of the United States, subject to homestead entry and situate in Benton County, Arkansas. On the tenth of December, 1902, he made final proof, and received a final certificate. Patent was issued to him on the first of March, 1904. On the 14th of November, 1901, he borrowed $35 from the Bank of Gravette, and executed his promissory note therefor with Enoch Meeks as surety. The bank indorsed the note to Meeks. "On 18th of February, 1903, he brought suit by attachment on the note against Butler, as a non-resident, before a justice of the peace. The writ of attachment was levied on the land by the constable February 19, 1903, as directed by section 4656 of Kirby's Digest. There

was legal service by warning order and a regular judgment obtained March 21, 1903, with a finding of a balance of $20 due on the note, and judgment for that amount and $15.80 costs, to be recovered out of the land, the attachment being sustained and the land ordered "sold as the law directs to satisfy judgment." There was no personal service. On the 30th of March, 1903, a transcript of the judgment was filed in the office of the clerk of the circuit court, who made an entry of the same in his docket for common-law judgments in the form for personal judgments without showing any attachment or lien on the land. On the same day he issued an execution against Butler in favor of Meeks in the usual form of execution on personal judgments or transcripts from justice of the peace courts and without any order of sale. The sheriff levied this execution on the land as the property of Butler, and advertised and sold it in the usual form and manner of sales of real estate under the execution on personal judgments. The sale was made May 9, 1903, and Meeks became the purchaser for $75. On the 21st of May, 1904, the sheriff executed deed in the usual form to Meeks, which was recorded May 21, 1904, under which he took possession of the land. The bond required by sections 4659 and 6254 of Kirby's Digest was not given at any stage of the proceedings.

"On the 6th of May, 1903, Butler sold and conveyed the land to Persell, Persell to Josiah Bennett, and Bennett to plaintiff, all of the conveyances being in due form, duly executed and acknowledged by the grantors and their wives, expressing considerations of $700, $1,000 and $1,500, respectively, and all duly recorded, the deed to plaintiff being dated June 23, 1904, and recorded June 25, 1904. At the time Pursell purchased from Butler, he had actual knowledge of the attachment proceedings."

On the 8th of December, 1905, Sarah A. Black commenced an action against Meeks to recover the land, relying upon the title derived by her from Butler. Meeks answered, setting up his title under the attachment proceedings and the sale under the execution by the sheriff.

The plaintiff recovered judgment for the land, and the defendant appealed.

There was no judgment to support the execution and the sale under it, there being no personal judgment. The execution and sale were without authority and void.

Judgment affirmed.